IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN DYLEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:10-CV-289 |
| | ) | |
| v. | ) | |
| | ) | |
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Karen Dylewski by and through her undersigned counsel and in opposition to Defendant AMCO Insurance Company's Motion to Dismiss states as follows:

### FACTS

Plaintiff filed her cause of action for underinsured motorist coverage against Defendant AMCO Insurance Company in the Circuit Court of St. Louis on January 4, 2010. Plaintiff's claim arises out of a motor vehicle collision that occurred on or about August 28, 2008 in which Plaintiff suffered injury to her person.

On or about January 28, 2010 Plaintiff filed a Voluntary Petition and supporting schedules in the United States Bankruptcy Court for the Eastern District of Missouri. The original Schedule B inadvertently omitted her claim against AMCO.

The Plaintiff has since filed Amended Schedules in her bankruptcy filing, see Exhibit 1, Schedules B and C attached hereto. In Schedule B, Plaintiff discloses her underinsured motorist claim (improperly identified as uninsured motorist claim) and lists said claim as an exemption on Schedule C, see Exhibit 1, Schedules B and C.

Defendant AMCO has made no offers of settlement at any time in this case and formally denied the claim by letter dated December 23, 2009, see Plaintiff's Exhibit 2 attached hereto.

## LAW

Under Missouri Law, personal injury claims are not assignable and, thus are exempt from the bankruptcy estate. Unliquidated claims based upon personal injury are exempt from the bankruptcy estate, Asmus vs. Capital Region Family Practice, 115 S.W.3d 427, (Mo App. W.D. 2003) citing In re Mitchell, 73 B.R. 93 (Bankr E.D. MO. 1987). The Court in Asmus, cited Section 513.427 RSMo in allowing exemptions for any property "that is exempt from attachment and execution". Because unliquidated personal injury actions… are not subject to attachment and execution prior to judgment and are not assignable, they can be (and generally are) exempted from the bankruptcy estate under Missouri law. id at 431 citing In re Brooks, 227 B.R. 891 (Bankr W.D Mo. 1998). The Asmus Court further stated that to obtain the exemption the debtor must list a property claim that is exempt on the proper schedule of assets. In this matter the Plaintiff has filed an Amended Schedule B listing the underinsured motorist claim and also listing the claim as an exemption on Schedule C, see Exhibit 1. The personal injury action thus is no longer relinquished to the bankruptcy trustee and the debtor may pursue her claim. In the present action the underinsured motorist claim was filed prior to the bankruptcy filing and thus Plaintiff was the proper party to pursue her action and, upon the filing of her Amended Schedules B and C remains the proper party to pursue this action.

In re Mahoney, 374 B.R. 717 (Bankr W.D. Mo. 2007) is distinguishable from the present case because in Mahoney the trustee objected to the exemption of an unliquidated claim and thus raised the issue. In the present case there has been no objection filed to the claimed exemption of the personal injury action. The trustee may abandon the claim or consent to the exemption,

but until such an objection is filed, the claim is rightfully the Plaintiff's.

Defendant relies heavily on the omission of the claim from the original Schedules B and C of the Bankruptcy filing to assert that the underinsured motorist claims is no longer Plaintiff's claim. This error has been corrected and so the basis of Defendant's Motion is no longer present.

Plaintiff's unliquidated claim against AMCO is exempted from the bankruptcy estate by both Federal Law and Missouri State Statutes. As such, Plaintiff Karen Dylewski is the proper party to pursue her claim against AMCO, and thus Defendant's Motion to Dismiss should be denied.

Respectfully,

ANTHONY M. PUGLIESE

*/s/ Anthony M. Pugliese*
Anthony M. Pugliese, No. 9359
Attorney for Plaintiff
8000 Maryland Avenue, Suite 750
Clayton, MO 63105
(314) 726-6656
FAX (314) 726-5834

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of March, 2010, the foregoing was sent via U.S. Mail, and was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. John F. Cooney
7701 Forsyth Blvd.
Clayton, MO 63105
Attorney for Defendant

*/s/ Anthony M. Pugliese*