UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN DYLEWSKI, | ) |
| | ) |
|     Plaintiff(s), | ) |
| | ) |
| vs. | )    Case No. 4:10-CV-00289-JCH |
| | ) |
| AMCO INSURANCE COMPANY, | ) |
| | ) |
|     Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant AMCO Insurance Company's Motion to Dismiss, filed February 26, 2010. (Doc. No. 9).

## **BACKGROUND**

On or about August 24, 2008, Plaintiff Karen Dylewski was a passenger on a motorcycle driven by her husband, Dennis Dylewski. (Petition, Doc. No. 1-2, ¶ 4). While traveling eastbound on U.S. 67, in the State of Missouri, their motorcycle was struck from behind by a vehicle driven by Robert Baumer. (Id., ¶¶ 5-7). Karen Dylewski alleges that Baumer's negligence in operating his vehicle resulted in injuries to her person which in turn caused her to incur medical bills in excess of $60,000. (Id., ¶¶ 7, 9-10). She further alleges that she will continue to incur medical expenses as a result of her injuries. (Id., ¶ 10). At the time of the accident, Baumer was underinsured. (Id., ¶ 8).

On the date of the accident, Defendant AMCO Insurance Company ("AMCO") provided insurance coverage to Karen Dylewski pursuant to a Recreational Vehicle Policy, No. MSA 0021253243-0. (Id., ¶ 3). Plaintiff sought coverage for her medical expenses under the policy's

uninsured motorist provision, but AMCO denied her claim. (Id., ¶ 12). On January 4, 2010, following the denial of coverage, Plaintiff filed this suit in the Circuit Court of St. Louis City, State of Missouri, seeking a judgment against AMCO in excess of $25,000. (Motion to Dismiss, Doc. No. 9, ¶ 1). AMCO removed the case to this Court on February 17, 2010. (Id., ¶ 2).

On January 28, 2010, Plaintiff Karen Dylewski filed a Voluntary Petition in the United States Bankruptcy Court for the Eastern District of Missouri. (Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Memorandum in Support"), Doc. No. 10, p. 1). Dylewski's cause of action against AMCO was not listed under Schedule B (personal property) or Schedule C (property claimed as exempt) of the Voluntary Petition on the date of filing. (Exhibit A to Memorandum in Support, Doc. No. 10-1, p. 11-14). On March 4, 2010, Plaintiff amended the Voluntary Petition, listing this uninsured motorist claim on Schedules B and C. (Exhibit 1 to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Doc. No. 11-2, pp. 2-5). Plaintiff claims that her claim against AMCO is exempt pursuant to Mo.Rev.Stat. §513.430(10)(f). Id., p. 5.

## DISCUSSION

Defendant AMCO insists this claim should be dismissed because Plaintiff Karen Dylewski lacks standing pursuant to the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 541(a)(1); (Motion to Dismiss, ¶¶ 4-6). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); Alternate Fuels, Inc. v. Cabanas, 538 F.3d 969, 975 (8th Cir. 2008) (subject matter jurisdiction can be raised at any time). If a plaintiff lacks standing, the district court has no subject matter jurisdiction. Gray v. City of Valley Park, Mo., 567 F.3d 976, 980 (8th Cir. 2009) (citations omitted); Morse v. Vinson, No. 3:09CV00153, 2010 U.S. Dist. LEXIS 7230, at *5 (E.D. Ark. Jan. 27, 2010).

When an individual files a petition for bankruptcy, his or her property, including any legal or equitable interests, becomes part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). After an estate is opened, an appointed trustee has the exclusive right to sue or be sued on behalf of the estate. 11 U.S.C. § 323; In re Brooks, 227 B.R. 891, 894 (Bankr. W.D. Mo. 1998). Any claims existing at the time of the bankruptcy petition are part of the estate, and the "the debtor no longer has standing to pursue them." Sherrell v. WIL-BFK Food Servs., No. 09-04072, 2009 U.S. Dist. LEXIS 96721, at *3 (W.D. Mo. Oct. 19, 2009) (citing In re Ozark Rest. Equip. Co., Inc., 816 F.2d 1222, 1225 (8th Cir. 1987)). As a result, if the case at hand is properly included in Plaintiff's bankruptcy estate, she lacks standing to pursue the claim and it should be dismissed for lack of subject-matter jurisdiction.

However, Plaintiff claims that, pursuant to her Schedule C amendment, this cause of action constitutes exempt property, thus preserving standing. (Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Response"), Doc. No. 11, p. 2). Under the Bankruptcy Code, a debtor is permitted "to choose between the scheme of federal exemptions prescribed in section 522(d) of the Code or the exemptions available under other federal law and the law of the state in which the debtor is domiciled." In re Benn, 491 F.3d 811, 813 (2007)(internal citations omitted); 11 U.S.C. § 522(d). States are permitted to opt out of the § 522(d) exemptions, 11 U.S.C. § 522(b)(2), and Missouri has exercised that right:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United State Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

R.S.Mo. § 513.427.

Plaintiff urges this Court to conclude that the language of the Missouri statute exempts

unliquidated claims based on personal injury from inclusion in the bankruptcy estate. (Response, p. 2). Based upon recent federal precedent, this Court holds otherwise. A recent Eighth Circuit decision concluded that in the bankruptcy context, the term exemption "refer[s] to laws enacted by the legislative branch which explicitly identify property that judgment-debtors can keep away from creditors for reasons of public policy." In re Benn, 491 F.3d at 814 (internal citations omitted) (quoting Benn v. Cole (In re Benn), 340 B.R. 905, 914 (8th Cir. BAP 2006)(Kressel, J., dissenting)). As a result, exemptions may only be taken where the property in question is explicitly excluded under a Missouri statute or a federal statute other than the Bankruptcy Code.

Although some Missouri case law has in the past suggested that personal injury claims might be exempt from inclusion in the bankruptcy estate, no Missouri statute exempts such claims. Because an unliquidated claim based on personal injury may not properly be excluded from a bankruptcy estate under the Missouri statute, Plaintiff Karen Dylewski lacks standing to pursue this action. In re Mahony, 374 B.R. 717, 719 (Bankr. W.D. Mo. 2007)(holding that there is "no basis to conclude that the Eight Circuit left open the possibility that unliquidated personal injury claims, for which there is no specific Missouri or federal exemption statute, could be claimed exempt by bankruptcy debtors in Missouri").[1] As a result, this Court does not possess subject-matter jurisdiction and must therefore dismiss this claim. Defendant's Motion to Dismiss is granted.

---

[1]In Plaintiff's Response, she attempts to distinguish the holding in In re Mahoney because the trustee objected to the exemption of an unliquidated claim and raised the issue. (Response, p. 2). Since Plaintiff filed her Response, the trustee in her bankruptcy claim has filed an "Objection to Debtors' Amended Claims if Exemptions and Notice of Hearing." See In re Dylewski, Bankruptcy Petition #10-40696, Doc. No. 16. Therein, the trustee contends that the Mr. and Mrs. Dylewski's amended claim of exemption for her automobile accident pursuant to R.S. Mo. §513.430(10)(f) is improper and should be disallowed. Id., p. 2. Thus, the Court finds that In re Mahoney supports dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant AMCO Insurance Company's Motion to Dismiss (Doc. No. 9) is **GRANTED**. Plaintiff's Complaint is dismissed.

Dated this 29th day of April, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE